IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JARROD CLIFFORD ARMBRUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-114 |
| | ) | |
| | ) | |
| DR. WILLIAM ROOSENBLOOM; PAUL | ) | |
| BAKER, Resident Surgeon; ROSE MARIE | ) | |
| KUHAR; DR. MATTHEW STEIMLE; | ) | |
| FERDINAND SCHAFER; DR. HAI | ) | |
| TRINH; DR. RICHARD GORDON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

The Court hereby **GRANTS** Plaintiff's requests to proceed *in forma pauperis* ("IFP") and, on screening, recommends dismissal of the Complaint for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff asserts medical malpractice claims against the following medical personnel at the Medical College of Georgia: Dr. William Roosenbloom; resident surgeon Paul Baker; Rose Marie Kuhar; hospitalist Ferdinand Schafer; and emergency room physicians Dr. Richard Gordon, Dr. Matthew Steimle, and Dr. Hai Trinh. (Id. at p. 2.) Taking all allegations of the Complaint as true, as the Court must for purposes of this screening, the facts are as follows.

Dr. Roosenbloom recommended that Plaintiff undergo a "total knee fusion," and Dr.

Baker performed this procedure. (Id.) Plaintiff only consented to Dr. Roosenbloom performing the procedure, not Dr. Baker. (Id.) Plaintiff suffered medical complications and had to undergo additional procedures as a result of the knee fusion. (Id. at pp. 6-10.) Dr. Gordon negligently diagnosed Plaintiff. (Id. at p. 8.) Plaintiff does not allege acts of negligence or wrongdoing with respect to any of the remaining defendants.

## II. DISCUSSION

### A. Legal Standard for Screening

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Here, Plaintiff's complaint falls short of the requirements in Fed. R. Civ. P. 8(a).  The Plaintiff fails to show that he is entitled to relief against many of the Defendants named in the complaint.  The complaint contains no allegations of wrongdoing by Defendants Kuhar, Steimle, Shafer, or Trinh.  (Doc. no. 1.)  Consequently, Plaintiff fails to give these Defendants fair notice of the claims against them.  See Twombly, 550 U.S. at 545; (Id.) Plaintiff does not provide any evidence of a link between the knee fusion procedure and the subsequent medical complications and procedures.  (Doc. no. 1.)  Additionally, Plaintiff has failed to provide grounds for the Court's jurisdiction.  Fed. R. Civ. P. 8(a)(1).

### B.     Federal Subject Matter Jurisdiction

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about

3

jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). In order to invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). For actions brought under 28 U.S.C. § 1332, the burden is on the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011). A Plaintiff must plead facts that support the existence of federal diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991).

Here, the complaint is entirely devoid of any federal claim or cause of action. (See id.) Plaintiff also fails to allege any basis for the exercise of federal diversity jurisdiction. 28 U.S.C. § 1332; (see generally doc. no. 1.) Because Plaintiff has failed to plead any facts that

demonstrate he is entitled to invoke the jurisdiction of the federal courts, his complaint is subject to dismissal.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of August, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA