IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JARROD CLIFFORD ARMBUSTER, | * | |
| Plaintiffs, | * | |
| v. | * | |
| DR. WILLIAM ROSENBLOOM, et al., | * | 1:15-cv-114 |
| Defendants. | * | |

**O R D E R**

This case comes before the Court on Plaintiff's September 30, 2015 motion. (Doc. 10.) The Court construes Plaintiff's motion as requesting reconsideration of the Court's September 22, 2015 Order adopting the Magistrate Court's Report and Recommendation that this case be dismissed for lack of subject-matter jurisdiction. (Docs. 6, 8.) The Court **DENIES** Plaintiff's motion for the reasons contained herein.

**I. MOTION FOR RECONSIDERATION STANDARD**

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships

Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). In fact, a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what [the Court] ha[s] already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), quoted in Weitz Co. v. Transp. Ins. Co., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and Vidinliey v. Carey Int'l, Inc., No. 1:07-cv-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259,

1267 (11th Cir. 1998); see also Collins v. Int'l Longshoremen's Ass'n Local 1423, No. 2:09-cv-093, 2013 WL 393096, at *1 (S.D. Ga. 2013 Jan. 30, 2013) ("Motions for reconsideration should not be used to relitigate issues which have already been found lacking." (internal quotations omitted)); Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

"A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion." Medley v. Westpoint Stevens, Inc., 162 F.R.D. 697, 698 (M.D. Ala. 1995) (internal citations omitted). "This ordinarily requires a showing of 'clear and obvious error' where the 'interests of justice' demand correction." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)(quoting Prudential Sec., Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "An error is not 'clear and obvious' if the legal

3

issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

## II. DISCUSSION

The Court's May 22, 2015 Order (Doc. 8) adopted the Magistrate Court's Report and Recommendation (Doc. 6) in full and dismissed Plaintiff's Complaint for lack of subject-matter jurisdiction. The Magistrate Court's Report and Recommendation explained the scope of federal jurisdiction:

> To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. A Plaintiff must plead facts that support the existence of federal diversity jurisdiction.

(Doc. 6 at 4 (internal citations omitted.)) Plaintiff's Complaint did not contain a federal claim and failed to allege any basis for diversity jurisdiction. (Id. at 4.)

Through the instant motion, Plaintiff, proceeding *pro se*, asks the Court to "grant [him] a jury trial" because an underqualified student performed an allegedly unconsented to

4

surgery on him. (Doc. 10 at 1.) Plaintiff attached his consent form, a description of his injuries, and an article describing another individual who underwent the same surgery to his motion. (Id. at 5-16.)

A review of the materials submitted by Plaintiff suggests no reason why the Court's previous Order constituted clear error. Plaintiff's *pro se* Complaint alleged state-law tort and breach-of-contract claims, and there is no allegation or evidence in the record demonstrating diversity of citizenship between Plaintiff and Defendants. Accordingly, this Court does not have federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

### III.  CONCLUSION

For all of the reasons contained herein, the Court concludes that Plaintiff has not shown clear error or manifest injustice under Rule 59. Accordingly, Plaintiff's motion is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of April, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA